## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

AMANDA M. BOURGEOIS,      )
          )
      PLAINTIFF,      )
          )
VS.          )      CASE NO. 13-CV-503-JED-FHM
          )
CAROLYN W. COLVIN, Acting      )
Commissioner of the Social Security      )
Administration,      )
          )
      DEFENDANT.      )

## REPORT AND RECOMMENDATION

Plaintiff, Amanda M. Bourgeois, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation. The undersigned United States Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Plaintiff's June 21, 2010, applications for disability benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was held on November 15, 2011. By decision dated December 21, 2011, the ALJ entered findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 28, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971)(quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 21 years old on the alleged date of onset of disability and 24 years old on the date of the ALJ's denial decision. She has completed the 7th grade and previously worked as a hostess, cashier, kitchen helper, and customer service/collection representative. Plaintiff claims to have been unable to work since April 1, 2009, due to post-traumatic stress disorder (PTSD), borderline personality disorder, depression, and scoliosis. [R. 165, 169].

## The ALJ's Decision

The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following non-exertional limitations: perform simple tasks with routine supervision; relate to supervisors and peers on a superficial work basis; cannot relate to the general public. [R. 24]. Relying on the testimony of a vocational expert, the ALJ determined at step five that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 28]. Accordingly,

the ALJ found Plaintiff was not disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly evaluate the medical source opinion evidence; 2) failed to properly assess Plaintiff's residual functional capacity (RFC); and 3) failed to perform a proper credibility determination.

## Analysis

### Evaluation of Medical Source Opinion Evidence

A state agency Disability Determination Services (DDS) psychologist, Cynthia Kampschaefer, Psy.D., reviewed Plaintiff's mental health treatment records and, based on that review, rendered an opinion that Plaintiff was markedly limited in her ability to understand, remember, and carry out detailed instructions, and in her ability to interact appropriately with the general public.  [R. 533-34].  The ALJ found that opinion was consistent with the medical evidence and accepted Dr. Kampschaefer's opinion and incorporated those limitations into the RFC.  Plaintiff was examined by Dennis A. Rawlings, Ph.D. at the request of her attorney.  Dr. Rawlings completed a Medical Source Opinion of Ability to Do Work-Related Activities (Mental) form where he opined that Plaintiff had greater than marked limitations in the ability to perform most work-related tasks.  [R. 641-42].  The ALJ rejected Dr. Rawlings' opinion, finding that having conducted a one-time examination, Dr. Rawlings was not a treating physician and, further, that Dr. Rawlings' opinion is not supported by Plaintiff's overall treatment records.  [R. 28-29].

Plaintiff argues that the ALJ failed to properly evaluate Dr. Rawlings' opinions. Plaintiff states that the ALJ failed to apply the correct legal standards in weighing Dr.

Rawlings' opinions and that the reasons the ALJ gave for rejecting Dr. Rawlings' opinions are not supported by substantial evidence.

The undersigned finds that the ALJ applied the correct legal standards in evaluating Dr. Rawlings' opinion. In deciding how much weight to give the opinion of a physician, an ALJ must first determine whether the physician is a treating physician, as opinions of treating physicians are entitled to controlling weight when they are well supported by medically acceptable clinical and diagnostic techniques and consistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(b)(2), 416.927(b)(2), *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003). The ALJ noted that Plaintiff was seen by Dr. Rawlings at the request of her attorney not for the purpose of seeking treatment. The ALJ concluded therefore that Dr. Rawlings was not a treating physician. [R. 27-28]. In the course of making this conclusion, the ALJ observed that Dr. Rawlings has testified as a neutral medical expert and parenthetically remarked that under some circumstances that status may lead to a conflict of interest. [R. 28]. Plaintiff is critical of the ALJ for making these observations and suggests that the ALJ discounted Dr. Rawlings' opinion because the examination was purchased by Plaintiff. It is clear, however, that the ALJ's comments were made in the context of determining whether Dr. Rawlings was a treating physician. The undersigned find no error in the ALJ's conclusion that Dr. Rawlings was not Plaintiff's treating physician.

When medical opinions are not afforded controlling weight as well-supported treating physician's opinions, they are to be evaluated using the factors set out in 20 C.F.R. §§ 404.1527, 416.927. The ALJ is to consider: 1) examining relationship; 2) treatment relationship; 3) the degree to which the opinion is supported by medical signs, laboratory findings, and explanations; 4) consistency of the opinion with the record as a whole; 5) whether the medical source is a specialist in the area; and 6) other factors that tend to support or detract from the opinion. *Id.* The ALJ's decision reflects that he considered these factors. The ALJ noted Dr. Rawlings' degree, Ph.D.; that he examined Plaintiff once; Dr. Rawlings conducted testing; and that his opinions about the severity of Plaintiff's limitations are not supported by Plaintiff's treatment records from Associated Center for Therapy (ACT) where Plaintiff is actively being treated. [R. 28]. In this regard, the ALJ observed that there are no references in the ACT records to things about which Plaintiff complained to Dr. Rawlings. *Id.* The undersigned finds that the ALJ considered appropriate factors in weighing Dr. Rawlings' opinion and that his reasons for rejecting the opinions are supported by substantial evidence in the record.

Plaintiff argues that the ALJ's evaluation of Dr. Rawlings' opinion is not supported by substantial evidence because the ALJ did not mention the records from Riverside Counseling Service. According to Plaintiff, those records show Plaintiff was diagnosed with Post Traumatic Stress Disorder (PTSD) and record her reports of flashbacks, nightmares, and triggers associated with molestations. [Dkt. 20, pp. 5-6]. Although other records contain this information, the three pages of records from Riverside do not contain a diagnosis and do not refer to the information Plaintiff says they contain. [R. 278-80]. There is no error in the ALJ's failure to mention the Riverside records.

There is no merit to Plaintiff's assertion that the ALJ failed to address records from a December 2009 admission to Laureate Psychiatric Clinic which contain a diagnosis of PTSD and which Plaintiff argues support Dr. Rawlings' evaluation. The Laureate records cover inpatient treatment from December 3, 2009 to December 6, 2009 and do not contain information concerning Plaintiff's ability to function such that the ALJ would be expected to mention them in conjunction with evaluating Dr. Rawlings' opinion. Furthermore, the ALJ accurately summarized the Laureate records in the decision. [R. 26, 287].

Plaintiff argues that the ALJ erred by overlooking the OU clinic records which Plaintiff states contain a diagnosis of PTSD and an increase in medication to control her symptoms. Plaintiff asserts that the OU records support Dr. Rawlings' evaluation. The ALJ did not mention the OU treatment records, which do contain the information Plaintiff mentions. However, the undersigned finds that the OU records do not support Dr. Rawlings' opinion that Plaintiff is unable to work. On 12/10/2009, 12/22/2009, 1/5/2010, 3/9/2010, and 4/6/2010, the OU records contain the assessment that Plaintiff is able to return to usual work. [R. 328, 334, 343, 348, 353].

The ALJ found that Plaintiff's treating psychiatrist at ACT, Dawn LaFromboise, M.D., ruled out PTSD which Dr. Rawlings diagnosed and that Dr. LaFromboise's records do not support the severity of limitations Dr. Rawlings reported. [R. 28]. In summarizing the ACT records, the ALJ noted instances (6/15/2010; 11/17/2010; 12/15/2010; 1/13/2011; 3/24/2011; and 4/11/2011) when Plaintiff was noted to be improving or doing well and stable on medication. [R. 26]. Further, the ALJ noted that Plaintiff's treatment records do not contain references to many things Plaintiff complained of to Dr. Rawlings. [R. 28].

Plaintiff makes much of whether she was or was not diagnosed with PTSD in connection with the ALJ's evaluation of Dr. Rawlings' opinion. Regardless of whether Plaintiff was or was not diagnosed with PTSD by Dr. LaFromboise or any other health care provider, the diagnosis of PTSD was not the only basis for the ALJ's rejection of Dr. Rawlings' opinion. The undersigned finds that the other reasons for rejecting Dr. Rawlings' opinion are supported by substantial evidence. That is, Dr. Rawlings' RFC is not supported by Plaintiff's treatment records and treatment records do not contain many of the complaints Dr. Rawlings included.

Plaintiff asserts that the ALJ engaged in picking only the favorable parts of the record to support his conclusion. To support that assertion Plaintiff pointed out some observations contained in the record that were not mentioned by the ALJ. However, the ALJ is not required to discuss every piece of medical evidence and finding in the record. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). It is for the ALJ, not the court, to weigh the evidence and choose between conflicting opinions. The court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2007)(internal quotation marks and brackets omitted). It is evident from the ALJ's decision that he considered the entire record. The undersigned finds that the observations mentioned by Plaintiff do not deprive the ALJ's reasons for rejecting Dr. Rawlings' opinion of support by substantial evidence.

There is no merit to Plaintiff's assertion that the ALJ erred in treating Plaintiff's cutting behavior as a separate impairment which he discounted as not meeting the 12-month duration requirement. [Dkt. 20, pp. 6-7]. The ALJ decision cannot be read as

Plaintiff suggests. The ALJ addressed the discrepancy between Plaintiff's testimony that she gets stressed out and sometimes cuts herself and the few cutting incidents mentioned in the medical record as an example of an inconsistency between Plaintiff's testimony and the medical record in the context of evaluating her credibility. [R. 28-29].

The undersigned finds that the ALJ appropriately weighed the medical opinions in the record and explained the basis for the weight accorded those opinions. The undersigned further finds that the ALJ's explanation is supported by substantial evidence.

<u>Residual Functional Capacity Determination</u>

Plaintiff argues remand is necessary because the ALJ failed to address and consider her diagnosis of borderline personality disorder. In support of her argument, Plaintiff cites *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006). In *Salazar*, the claimant had extensive medical and arrest records which documented many instances of intoxication, drug abuse, and bizarre self abusive behavior. The ALJ found that the claimant was disabled because she met the criteria of one of the Listings,[2] but that the impairment was secondary to the claimant's substance abuse and that without the substance abuse she would recover to only having minimal limitations and therefore was not disabled. *Id.* 617-621. The Tenth Circuit reversed for an immediate award of benefits finding that, among other reasons, the ALJ erred in failing to consider the claimant's borderline personality disorder which diagnosis was pervasive throughout her records and which accounted for her limitations apart from the substance abuse. *Id.* at 622.

---

[2] The Listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App

This case is not like the *Salazar* case. Unlike *Salazar* where the ALJ found that the claimant was disabled, but could work if she stopped the substance abuse, the ALJ in this case, considering all of the evidence, found that Plaintiff was capable of performing work consistent with the RFC finding. While the ALJ did not list borderline personality disorder among the severe impairments, it is clear that the ALJ considered the record as a whole. As a result, the failure to include borderline personality disorder is not grounds for reversal. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The ALJ's decision reflects that he fully considered Plaintiff's functional capabilities.

<u>Credibility Determination</u>

Plaintiff argues that the ALJ failed to perform a proper credibility determination. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (internal quotation marks omitted). But "findings as

to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (brackets and internal quotation marks omitted).

The ALJ cited several grounds tied to the evidence for the credibility finding, including: Plaintiff's inconsistent statements to her treating physicians and Dr. Rawlings, inconsistencies between Plaintiff's testimony and her treatment records, and her work history. [R. 28-29]. Plaintiff essentially disagrees with the weight the ALJ gave to the factors he considered. However, the court cannot reweigh the evidence on appeal. The undersigned finds that the ALJ properly linked his credibility finding to the record. Therefore, there is no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. § 6369b) and Fed.R.Civ.P. 72(b)(2), a party may filed specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before October 2, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that had been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting *Moore v. United States,* 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 18th day of September, 2014.


_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE