**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMANDA M. BOURGEOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CV-503-JED-FHM |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Report & Recommendation (R&R) (Doc. 25) of United States Magistrate Judge Frank H. McCarthy on review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying plaintiff, Amanda M. Bourgeois, disability benefits. Judge McCarthy recommended that the Commissioner's decision denying benefits be affirmed. (*Id.*). Ms. Bourgeois filed an Objection to the R&R (Doc. 26). The Court has reviewed the record and issues, de novo.

**I.     Background**

Ms. Bourgeois applied for disability benefits on June 21, 2010. Disability benefits were denied initially and on reconsideration. A hearing before the Administrative Law Judge (ALJ) was held on November 15, 2011. On December 21, 2011, the ALJ entered findings that are the subject of this proceeding. (*See* R. 17-33). The Appeals Council denied review on June 28, 2013. (R. 1-4).

Plaintiff alleged onset of disability at age 21. She completed the 7th grade, and had previously worked as a hostess, cashier, kitchen helper, and customer service / collection representative. (R. 30). She claims to have been unable to work since April 1, 2009, as a result

of post-traumatic stress disorder (PTSD), borderline personality disorder, depression, and scoliosis. The ALJ determined that two of these, depression and anxiety, were severe, but that those impairments did not meet or medically equal listing criteria. (*See* R. 23). He found her to have only mild restriction in activities of daily living and moderate difficulties in social functioning. (*Id.*). The ALJ found that Ms. Bourgeois has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with nonexertional limitations. The limitations included performing simple tasks with routine supervision, relating to supervisors and peers on a superficial work basis, adapting to a work situation, and not relating to the general public. (R. 24).

The ALJ found plaintiff is unable to perform her past relevant work of customer service and collections, kitchen helper, hostess, or cashier. (R. 30). However, he found that plaintiff can perform a significant number of other jobs in the national economy. (R. 31). A vocational expert testified that a person of plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations, such as hand packager, warehouse worker, sorter, office helper, assembler, and clerical / mailer. (R. 31-32). In light of the foregoing, the ALJ found that plaintiff was not disabled. (R. 32).

## II.     Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were

applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)).  "It is 'more than a scintilla, but less than a preponderance.'"  *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

**III.   Discussion**

Plaintiff asserts several arguments for reversal and remand, including that the ALJ did not properly consider her Borderline Personality Disorder (BPD) or explain his failure to address it at any specific step.  Upon a thorough review of the record and applicable law, the Court agrees with plaintiff's argument that the ALJ failed to properly consider BPD, singly and in combination with other impairments, and that such failure requires reversal under *Salazar v. Astrue*, 468 F.3d 615 (10th Cir. 2006).  Addressing that argument in the R&R, Judge McCarthy distinguished *Salazar* from the facts of this case.  (Doc. 25 at 9).  While there are distinct factual circumstances present in *Salazar* that are not present with respect to this plaintiff's disability claim, the Court has determined that the ALJ erred in failing to properly consider and explain the ALJ's analysis of BPD, which requires a reversal and remand for the ALJ to consider BPD.

In *Salazar*, the court determined that an ALJ "misapplied the law when he failed to consider [a claimant's] borderline personality disorder in [the] disability determination."  468 F.3d at 621.  The court concluded that "[i]t is beyond dispute that an ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination. . . . [T]he failure to consider all of the impairments is reversible error."  *Id.*  The *Salazar* court found the

3

ALJ's failure to properly address the claimant's BPD "particularly troublesome . . . [because] it may account for her abuse of drugs and alcohol, as well as her suicidal conduct and self-mutilation." *Id.* at 622.[1]

Here, it does not appear that the ALJ properly evaluated all mental impairments, including any personality disorder under criteria of Listing 12.08 at 20 C.F.R. Part. 404, Subpt. P, App. 1, using the "special technique" under 20 C.F.R. § 404.1520a. The ALJ did not provide a rating for any personality disorder singly or in combination with depression and anxiety, which he did deem severe, or otherwise explain his failure to address BPD within any particular step of his analysis.[2]

While the ALJ's decision references the general regulations regarding evaluation of a disability (*see* R. 21), it does not contain an analysis of all of the evidence relating to BPD, and the ALJ made no mention of the criteria for personality disorder under Listing 12.08. The ALJ hence failed to consider the effect of all determinable impairments, whether severe or not, in calculating the plaintiff's RFC. *See Groberg v. Astrue*, 415 F. App'x 65, 67 (10th Cir. 2011) (unpublished); *see also Mushero v. Astrue*, 384 F. App'x 693, 695 (10th Cir. 2010) (unpublished) ("Even if an impairment is not severe, it does not become irrelevant. *All medically determinable impairments, including non-severe impairments, must be taken into account in assessing a claimant's RFC. . . .* 'While a [non-severe] impairment standing alone

---

[1] Ms. Bourgeois's medical records do not indicate a problem with alcohol or drugs, but they do contain numerous references to suicidal conduct and cutting or self-injury.

[2] The ALJ did analyze certain evidence of depression and anxiety, "singly and in combination" under the criteria of Listings 12.04 (affective disorders, including depression) and 12.06 (anxiety disorders) in order to determine that they did not meet or medically equal the criteria of those listings. (*See* R. 23). However, he did not discuss all of the evidence of BPD or explain if or why he determined BPD should not be considered a medically determinable impairment, if or why it was determined to be non-severe, or why he did not consider it in combination with the impairments that he found to be severe.

may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim.") (emphasis in original).

The ALJ did note that plaintiff alleged BPD and that Dr. Dennis Rawlings reported diagnoses that included "Borderline Personality Disorder with self-injury." (R. 26-27; *see* R. 639). The ALJ also quoted from a report of the State Disability Determinations Services that contained a summary reference that "[p]hysical condition is felt to be non-severe," following a reference to plaintiff's allegation that she suffers from "borderline personality." (R. 29; *see* R. 537). The ALJ decided to give "little or no weight" to Dr. Rawlings's mental status examination and indicated he found Dr. LaFromboise's diagnosis to be inconsistent with Dr. Rawlings's report with respect to PTSD. (R. 28).[3]

Although he selected a reference to *PTSD* from LaFromboise's opinion to support the "little or no weight" he gave to Dr. Rawlings' examination and report, the ALJ did not address Dr. LaFromboise's comments that were consistent with Dr. Rawlings's diagnosis regarding *BPD*. (*See, e.g.,* R. 505 [diagnosing and assessing plaintiff with "[b]orderline traits if not the full-blown personality disorder."]). The ALJ also did not address or explain why he apparently rejected other evidence relating to BPD, including plaintiff's medical records, which were consistent with Dr. Rawlings's reported diagnosis of "301.83 Borderline Personality Disorder with self-injury." (*See, e.g.*, R. 326 [Natalie Wakefield, M.D. chart, which indicates that plaintiff

---

[3] The ALJ found Dr. Rawlings' diagnosis of PTSD to be inconsistent with Dr. LaFromboise's notation that she would "want to rule out PTSD." (R. 543; *see* R. 28). However, the Court has not located in the record any indication that LaFromboise did rule out PTSD, and the ALJ noted at the hearing that PTSD was a possibility, even though there may not have been enough evidence at the time of LaFromboise's reports to support a PTSD diagnosis. (*See* R. 39).

"presents for follow up of Borderline Personality Disorder (ICD-301.83)"]; [4] *id.* at 329 ["the majority of her symptoms stem from her BPD"]; *id.* at 295-319 [referring to a discharge diagnosis that included "cluster B personality disorder," which is a disorder inclusive of BPD]). The ICD code for BPD is 301.83, which code is referenced – and appears to have been diagnosed – in several locations in plaintiff's medical records. (*See, e.g.,* R. 326, 328, 329, 331, 333, 339, 341, 670, 679, 682). The ALJ does not mention those references, which were consistent with Dr. Rawlings's report of a "DSM-IV Diagnosis" that included "301.83 Borderline Personality Disorder with self-injury." (R. 639; *see also* R. 648).

As a result of the foregoing, this matter must be reversed and remanded for further proceedings. No particular result is ordered on remand. *See Thompson v. Sullivan*, 987 F.2d 1482, 1492-93 (10th Cir. 1993). The ALJ must address BPD in accordance with the above discussion and must explain his analysis in enough detail to allow for any necessary subsequent review. On remand, the Commissioner should ensure that any new decision sufficiently addresses all of the issues raised in this case by the plaintiff, such that "'the correct legal standards are invoked in reaching a decision'" based on factual findings that are supported by substantial evidence in the record. *Angel v. Barnhart*, 329 F.3d 1208, 1213-14 (10th Cir. 2003) (quoting *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988)); *see also Doyal*, 331 F.3d at 760.

IT IS THEREFORE ORDERED that the R&R (Doc. 25) is hereby **rejected** on the issues discussed above, and the Commissioner's decision is **reversed and remanded** for further proceedings consistent with this order. A separate judgment will be entered forthwith.

---

[4]   "ICD" refers to International Classification of Diseases, a medical coding system that is used universally.

7

IT IS SO ORDERED this 6th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE